UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 15-24113-JLK

MELISSA WYLIE

      Plaintiff,

v.

ISLAND HOTEL COMPANY
LIMITED, a Bahamian company;
ATLANTIS HOLDINGS (BAHAMAS)
LIMITED, a Bahamian company;
BREF BAHAMAS, LTD, a Bahamian
company; and BROOKFIELD HOSPITALITY
PROPERTIES, LLC, a Delaware corporation.

      Defendants.

_____/

**DEFENDANTS' MOTION TO DISMISS ON BEHALF OF ALL
DEFENDANTS AND INCORPORATED MEMORANDUM OF LAW**

Defendants Island Hotel Company Limited, Atlantis Holdings (Bahamas) Limited, BREF Bahamas, Ltd. ("Bahamian Defendants"), and Brookfield Hospitality Properties, LLC ("Brookfield") (collectively "Defendants"), hereby file this Motion to Dismiss on Behalf of All Defendants.  In support, Defendants state as follows: [1]

## INTRODUCTION

The Amended Complaint alleges Plaintiff Melissa Wylie ("Plaintiff"), suffered personal injuries when she slipped and fell at the Atlantis Resort on Paradise Island, Bahamas ("Atlantis"). Unlike other lawsuits against Atlantis, this litigation does not involve a Plaintiff who traveled to The Bahamas to stay at Atlantis. Instead, at the time of the incident Plaintiff and her family were already in The Bahamas staying at another hotel. Plaintiff decided to visit Atlantis to _voluntarily_ participate in the Sea Squirts Experience located at Atlantis.[2] *See* Reservation Confirmation, attached as Exhibit 1. For the reasons set forth herein, the Amended Complaint should be dismissed as to all Defendants under the doctrine of *forum non conveniens*, pursuant to an exculpatory clause, and because the Amended Complaint fails to adequately plead joint venture against Defendants.

## MEMORANDUM OF LAW

**I.     Plaintiff is bound by a written agreement containing a valid forum-selection clause**

In conjunction with purchasing the voluntary Atlantis activity, Plaintiff signed an Acknowledgement, Agreement and Release ("Release") which is an exculpatory agreement and which includes a Bahamian forum selection clause. *See* Release, attached to Declaration of Ghandi Knowles-Thomson as Exhibit 2. Under federal law, forum-selection clauses are

---

[1] Plaintiffs' factual allegations in the Amended Complaint regarding operations, corporate structure and the running of the Atlantis Resort are not correct. The factual inaccuracies, however, are not germane to this Motion to Dismiss.

[2] The Sea Squirts Experience is an interactive marine program where participants enter Atlantis' fish nursery to enjoy the experience of hands-on feeding of marine life such as baby stingrays and schools of fish. Plaintiff claims she was injured when she slipped on a step leading into the feeding pool.

presumptively valid. *Pappas v. Kerzner Int'l Bahamas Ltd.*, No. 13-cv-22076-UU (S.D. Fla. Feb. 12, 2014); *affirmed* 585 Fed.Appx. 962, 965 (11th Cir. Sept. 17, 2014) (citing *Krenkel v. Kerzner Int'l Hotels Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009); *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285 (11th Cir. 1998); *see also M/S Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 15 (1972). The U.S. Supreme Court has long recognized that forum-selection clauses are a necessary component of the expanded international commercial relationships. *See e.g*., *Scherk v. Alberto–Culver Co.,* 417 U.S. 506, 516, (1974) ("A contractual provision specifying in advance the forum in which disputes shall be litigated and the law to be applied is, therefore, an almost indispensable precondition to achievement of the orderliness and predictability essential to any international business transaction").[3]

### A.   The forum-selection clause requires this dispute be heard exclusively in The Bahamas

The forum-selection clause was incorporated into a single page Acknowledgement, Agreement and Release ("Release") signed by Plaintiff's husband. The Release put Plaintiff on notice that all disputes against Atlantis or any affiliated company must be litigated exclusively in The Bahamas.  Directly above the terms and conditions in bold print the Release states:

**"Read Before Signing"**

*See* Release, attached as Exhibit 3 (emphasis in original); *see also* Declaration, Exhibit 2. The terms and conditions of the Release then read in pertinent part:

> I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and constructed in accordance with the laws of the Commonwealth of The Bahamas, and further, I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for such proceedings whatsoever.

---

[3] Non-negotiated forum-selection clauses such as the one at issue in this case are also presumptively valid. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585 (1991); *see also Marco Forwarding Co. v. Cont'l Cas. Co.*, 430 F. Supp. 2d 1289, 1294 (S.D. Fla. 2005) ("As the Supreme Court of the United States held in *Shute,* a non-negotiated forum selection clause in a form contract is not per se unenforceable"); *Sun Trust Bank v. Sun Int'l Hotels, Ltd.,* 184 F.Supp.2d 1246, 1259 (S.D. Fla. 2001) ("A non-negotiated forum-selection clause is not invalid simply because it is contained on a pre-printed form")); *Goodman v. Hill–Rom Co., Inc.,* 1996 WL 685840, *3 (M.D. Fla. 1996) (same).

*See id.* Plaintiff's husband signed the Release on behalf of his family and affirmed their agreement that The Bahamas would be the exclusive venue when he signed the Release form:

> I represent and warrant that I have authority to sign on behalf of myself and the members of my traveling party. My signature below acknowledges that I have read and understood the foregoing and knowingly and voluntarily agree to all the terms of this release.

*See id.* Plaintiff and her daughter Madison are listed on the form as "family members in my group." *See id.*

The Release signed by Plaintiff's husband contains virtually identical terms and conditions as those found in the Atlantis guest registration card which is used during check-in to register guests staying at Atlantis. In *Feggestad v. Kerzner International Limited*, *et al.*, Case No. 14-cv-24399-JLK (S.D. Fla. 2015), Your Honor ruled that the forum-selection clause is valid and enforceable and therefore granted the defendants' Motion to Dismiss. *See* Order, attached as Exhibit 4 (DE 18). That lawsuit involved the guest registration card used at check-in for guests staying at Atlantis. In *Feggestad*, Your Honor carefully considered the points raised by the Feggestad plaintiffs and dismissed the action "based on the existence of a valid, enforceable forum selection clause…" *See id.* at p. 1.  The Order acknowledged the Eleventh Circuit "has previously considered the forum selection clause at issue in this action and found it to be presumptively valid." *See id.* at p. 3 (citing *Krenkel v. Kerzner Intern. Hotels Ltd.*, 579 F.3d at 1281).[4]  Further, the Order found that the *Feggestad* plaintiffs "were presented with an eight-paragraph agreement that admonished them in big, bold letters to 'read before signing' and [the plaintiffs] could have read the Agreement if they wanted to, and by doing so could have discovered the nature of the Agreement and rejected the Agreement if they felt inclined to do

---

[4] In *Krenkel*, the Eleventh Circuit upheld the enforcement of a personal injury case by a New Jersey Plaintiff against the Kerzner defendants on the grounds that the forum selection clause at issue in that case was valid and enforceable.  Notably, the forum selection clause was identical to that herein. The court reasoned that the clause was reasonably communicated to the plaintiffs, was neither hidden nor ambiguous, in plain language, and Plaintiffs were not induced to sign by means of fraud or overreaching.  *Krenkel*, 579 F.3d at 1281. Moreover, the court found that plaintiffs had not "demonstrated inconvenience or unfairness, that [The Bahamas] would deprive them of a remedy or that enforcement…would deprive them of a remedy.  *Id.* 579 F.3d at 1282.

so." *See id*. Accordingly, Your Honor granted the defendants Motion to Dismiss. *See id*. at pp. 3-4; *see also Miyoung Son*, 2008 WL 4186979 (ruling the forum selection clause similar to the one at issue herein was enforceable); *Giordano v. Sun Int'l North America, Inc.*, No. 98-7456-CIV-DIMITROULEAS, (S.D. Fla. Sept. 30, 1999) (ruling the forum selection clause was enforceable); *Sabino v. Kerzner International Bahamas Limited, et al.*, 12-cv-22725 McAliley (S.D. Fla. Jan. 10, 2014).

Here, Plaintiff's acceptance of the Release was not mandatory. Plaintiff could easily have walked away if she did not agree with the terms of the terms of the Release. Plaintiff arrived to participate in a voluntary activity and was in no way required to participate in the Sea Squirts program. If Plaintiff did not want to be bound by the Release, she could have found another activity to participate in. Instead, she agreed to participate in the activity and to be bound by the terms of the Release. There is "nothing inherently unfair in the mandatory use of waivers in recreational sporting events … [it] is a strictly voluntary recreational pursuit, and does not constitute the rendition of essential services such as medical care or public transportation, where the courts would be more likely to find that a contract of adhesion exists." *Olivelli v. Sappo Corp., Inc.*, 225 F. Supp. 2d 109 (D.P.R. 2002).

Plaintiff argues she is not bound by the forum-selection clause included in the Release. She alleges all manner of impropriety with the forum-selection clause and registration process for the Sea Squirts program. *See* Amended Complaint at ¶¶ 25-26. However, "[a] forum-selection clause can only be invalidated on a showing of a 'bad faith motive' where the forum was chosen 'as a means of discouraging [parties] from pursuing legitimate claims.'" *Segal v. Amazon.com, Inc.*, 763 F.Supp.2d 1367, 1369 (S.D. Fla. 2011) (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). In other words, a forum selection clause is unenforceable only if "the inclusion of that clause in the contract was the product of fraud or coercion." *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1296 (11th Cir.1998).

Here, the Amended Complaint itself shows there is no discernible fraud or bad-faith motive sufficient to invalidate the forum-selection clause. As set forth in the Amended Complaint, Island Hotel Company Limited ("Island Hotel"), Atlantis Holdings (Bahamas)

Limited ("AHBL") and BREF Bahamas Ltd. ("BREF"), are Bahamian companies with their principle places of business located in The Bahamas, the forum specified in the Release.[5] The Amended Complaint further alleges Island Hotel controlled Atlantis (Amended Complaint at ¶ 4); AHBL is the owner of Atlantis (Amended Complaint at ¶ 8); and BREF owns Island Hotel and AHBL, "the owner and operator of Atlantis resort." *See* Amended Complaint at ¶ 11. Guests come from all over the world to visit Atlantis Resort in The Bahamas. Absent a forum selection clause, Defendants potentially could be subject to lawsuits in numerous jurisdictions around the globe. The forum selection clause removes any question about where lawsuits should be filed, thereby avoiding expensive litigation concerning this question. Because it is more cost effective to litigate lawsuits in The Bahamas, those savings can be passed along to Atlantis guests.

This very same issue was addressed by the Supreme Court in *Carnival Cruise Lines, Inc. v. Shute* where the Supreme Court affirmed Carnival's forum selection clause because: (1) the cruise line's "special interest in limiting the fora in which it potentially could be subject to suit" considering that it carries guests from many locales; (2) "dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions"; and (3) "that passengers who purchase tickets containing a forum clause ... benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued."[6] *Id.* at 593–94 (citations

---

[5] The Amended Complaint alleges Brookfield is "the primary reservation, booking and travel company used by the Resort." *See* Amended Complaint at ¶ 15. However, Plaintiff's allegations that Defendants do business in Florida are misplaced. The fact that a related company markets Atlantis Resort in the U.S. is irrelevant to this case where marketing and sales techniques are not at issue in this lawsuit. *See Barilotti v. Island Hotel Company Ltd.*, Case No. 13-23672-CIV-MORENO (S.D. Fla. May, 6, 2014) ("Courts have found that even where defendants conduct extensive business through South Florida offices, 'that presence is not of great relevance to this lawsuit' when 'the crux of this action is Defendants' alleged negligence in failing to properly supervise and monitor the use of jet skis by their guests.'") (quoting *Horberg*, 744 F. Supp. 2d at 1296).

[6] *Shute* involved a forum selection clause printed on a cruise ship ticket that required passengers to litigate in Florida. The Shutes had purchased their cruise tickets through a State of Washington

omitted). Applied here, the forum selection clause removes any question about where lawsuits should be filed, thereby avoiding expensive litigation concerning this question. Because it is more cost effective to litigate lawsuits in The Bahamas, those savings can be passed along to Atlantis guests. In short, there is no evidence that Defendants chose the forum to prevent parties from pursuing legitimate claims. Furthermore like the plaintiffs in *Shute,* Plaintiff in this lawsuit agreed to the terms of the Release, *including the forum-selection clause.*

Under the facts and circumstances of this case, enforcement of the forum-selection clause would be neither unfair nor unreasonable. Indeed, the facts and circumstances underlying the instant action mandate enforcement of the Bahamian forum selection clause even more strongly for an alleged incident that occurred at a Bahamian resort since Plaintiff was already in The Bahamas staying at another resort when she decided to visit Atlantis to participate in a voluntary water activity. Plaintiff could have walked away from activity if she did not like the terms.

**B.    The forum selection clause applies to any claims Plaintiff has against all Defendants**

The applicability of the forum selection clause to other related corporate entities in addition to those specifically named in the form was addressed in *McArthur v. Kerzner Int'l Bahamas Ltd., et al.*, Case No. 14-cv-21033 (S.D. Fla. Aug. 1, 2014). The District Court ruled that the forum selection clause applies to any claims a plaintiff may have against any entity alleged to have owned the Atlantis Resort. *See McArthur Order* attached as Exhibit 5. The ruling was affirmed by the Eleventh Circuit. *See McArthur v. Kerzner Int'l Bahamas Ltd., et al.*, Case No. 14-13889 (11th Cir. Mar. 30, 2015).  Here, Plaintiff alleges Island Hotel Company Limited, Atlantis Holdings (Bahamas) Limited and Brookfield Hospitality Properties, LLC ("Brookfield")

---

travel agency, boarded the cruise ship in California, and sailed to Mexico. *Id.* at 587–88. While the ship was in international waters off the coast of Mexico, Mrs. Shute slipped and fell, injuring herself. *Id.* at 588. The Shutes filed suit against Carnival Cruise in the United States District Court for the Western District of Washington. *Id.* Carnival Cruise moved for summary judgment on the ground that the forum selection clause printed on the Shutes' tickets required them to litigate in a Florida court. *Id.* The Washington district court granted the motion, holding that Carnival Cruise lacked sufficient in-state contacts to support the exercise of personal jurisdiction over it. *Id.* The Ninth Circuit reversed. The Supreme Court reversed the Ninth Circuit.

and BREF Bahamas, Ltd. "own, operate, manage, control, maintain and book vacations for the Atlantis Resort" and have an "express or implied contract the subject of which is the ownership and operation of Atlantis resort" and further shares "a community of interest in the ownership and operation of the Atlantis resort." (*See* Amended Complaint (DE 25) at ¶¶ 19, 23-24).   For same the legal reasons set forth in the *McArthur* ruling (and affirmed by the Eleventh Circuit), the forum-selection clause encompasses claims against Brookfield Hospitability, LLC. *See McArthur*,   Case No. 14-13889 (11th Cir. Mar. 30, 2015) ("The district court did not abuse its discretion in denying the motion because the language of the forum selection clause applies equally to any entity that has owned, operated, or marketed the Atlantis Resort").[7]

## II.     *Forum non conveniens* dismissal is warranted under *Atlantic Marine*

According to the Supreme Court, the "appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atlantic Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 134 S. Ct. 568, 580 (2013). In *Atlantic Marine*, the Supreme Court declared that a motion to dismiss for *forum non conveniens* (and not a Rule 12(b)(3) motion for improper venue) is the appropriate means to enforce a valid forum-selection clause if that clause requires the dispute to be litigated in a non-federal forum. *Id.* at 580. According to the Supreme Court, dismissing a complaint pursuant to a forum-selection clause must be done through a **modified** *forum non conveniens* analysis. *See id.* The presence of a forum-selection clause requires district courts to adjust their usual *forum non conveniens* analysis in three ways.

First, "the plaintiff's choice of forum merits no weight." *See id.* at 581-82. According to the Supreme Court, when a plaintiff initially agrees by contract to file the lawsuit only in a specified forum, "the plaintiff has effectively exercised its 'venue privileges' before a dispute arises. Only that initial choice deserves deference …." *See id.*  Here, deference must be given to The Bahamas as the selected forum for resolution of this dispute - not Florida as now requested in the lawsuit.

Second, unlike the traditional *forum non conveniens* analysis, the district court "should

---

[7] Please see footnote 5 and corresponding text.

not consider arguments about the parties private interests." *See id*. at 582.  According to the
Supreme Court, when a plaintiff agrees to a forum-selection clause:

> they waive the right to challenge the preselected forum as inconvenient or less
> convenient for themselves or their witnesses, or for their pursuit of the litigation.
> **A [district] court accordingly must deem the private-interest factors to weigh**
> **entirely in favor of the preselected forum**. As we have explained in a different,
> but instructive context, whatever inconvenience the parties would suffer by being
> forced to litigate in the contractual forum as they agreed to do was clearly
> foreseeable at the time of contract.

*Id*. (internal citations and quotations omitted) (emphasis added). Instead, the district court should
look solely to the public interest factors, which "include the administrative difficulties flowing
from court congestion; the local interest in having localized controversies decided at home; [and]
the interest in having the trial of a diversity case in a forum that is at home with the law." *Id*. The
preselected forum in this litigation is The Bahamas.[8]

Third, when a party bound by a forum-selection clause "flouts its contractual obligation
and files suit in a different forum," the plaintiff's chosen venue's choice-of-law rules will not
apply.  *See id.*  Thus, the valid contract at issue here calls for application of Bahamian law to
this dispute and under the Supreme Court's revised analysis proscribed by *Atlantic Marine*, no
Florida choice of law analysis is required or applicable.  In fact, the Supreme Court in *Atlantic
Marine* made clear that "a valid forum selection clause [should be] given controlling weight and
all but the most exceptional cases." *Atlantic Marine*, 134 S. Ct. at 581 (quoting *Stewart*

_____

[8] Even assuming *arguendo* the Court could consider *private* interests, dismissal would still be
warranted.  First, the premises, the vast majority of the physical evidence and documents bearing
on liability and damages are in The Bahamas and outside the subpoena power of the Court,
including: (a) the accident scene, (b) maintenance records, (c) documents regarding employee
training and supervision, and (d) records from Bahamian medical staff who treated Plaintiff.
Second, the witnesses are in The Bahamas, including: (a) Atlantis resort personnel who
responded to the alleged incident, (b) Atlantis maintenance and managerial personnel responsible
for supervision and training of area attendants, (c) area attendants, (d) surveillance staff working
at the time of the alleged incident, (e) shift managers, and (f) Bahamian medical staff that treated
Plaintiff. Simply put, the overwhelming volume of documentary evidence and witnesses are
located in The Bahamas. Thus, given the unavailability of relevant evidence and witnesses in the
U.S., a consideration of the practicalities and expenses of the litigation renders Miami an
impractical forum.

*Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)).

> A.    **The Bahamas, where this alleged incident occurred, is an adequate alternative forum**

The first step in the *forum non conveniens* analysis is to determine "whether an adequate alternative forum exists .…"  *C.A. La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). This inquiry has two parts – both the *availability* and the *adequacy* of the proposed alternative forum.  *Leon*, 251 F.3d at 1311.  Both parts of the inquiry are satisfied here. First, a defendant can demonstrate an available forum by showing that it is amenable to service of process in that forum, or alternatively by consenting to the jurisdiction of the alternative forum. *See e.g., Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 242 (1981); *La Seguridad*, 707 F.2d at 1305 n.1.  The Bahamian Defendants, Island Hotel Company Limited, Atlantis Holdings (Bahamas) Limited and BREF Bahamas, Ltd. are clearly amenable to service of process in The Bahamas.[9] Accordingly, Defendants have satisfied the availability inquiry.

Second, an alternative forum will be considered adequate so long as it could provide some relief for the plaintiffs' claims, even if "the substantive law that would be applied in the alternative forum is less favorable to the plaintiffs than that of the present forum." *Piper Aircraft*, 454 U.S. at 247.  Here, the Bahamian legal system is patterned after England's legal system. The Bahamian legal system recognizes negligence actions for personal injury.  *See Morrone v. Sun Intern. Hotels Ltd.*, Case No. 05-61600-Civ-Seitz/McAliley, at *5 (S.D. Fla. Sept. 22, 2006) ("Bahamian law is patterned after English common law and it recognizes action based on common law negligence").[10]

---

[9] Brookfield is not a relevant party to this action because is it not responsible for the ownership, control, operation, supervision, management, maintenance, upkeep or safety of the Atlantis but merely assists with reservations. *See also* Amended Complaint at ¶ 15.

[10] Numerous Southern District Courts have analyzed this issue – including Your Honor – and ruled The Bahamas is an adequate alternative forum. *See e.g., Feggestad v. Kerzner International Limited, et al.*, Case No. 14-cv-24399-JLK (S.D. Fla.  April 1, 2015); *Foster v. Sun Intern. Hotels Ltd.*, 2002 WL 34576251 (S.D. Fla. Feb. 5, 2002); *see also McGinn v. Kerzner Intern. Hotels Ltd.*, Case No.: 12-cv-20536-Moore, at *5 (S.D. Fla. October 22, 2012) (noting Southern District Courts "consistently" hold that The Bahamas provides an adequate alternative

**B.      The public interest factors weigh heavily in favor of dismissal**

Once an adequate alternative forum has been established under the *Atlantic Marine* ruling, courts next must consider only the relevant *public* interest factors to determine whether dismissal is appropriate. "A district court may consider arguments about public-interest only." *See Atlantic Marine,* 134 S. Ct. at 582.  Here, the public interest factors weigh heavily in favor of dismissal. Public interest factors are considerations that affect the convenience of the competing forums. *Piper Aircraft*, 454 U.S. at 241.  The public interest factors to be considered include: (1) court congestion; (2) the local interest in the controversy; (3) avoidance of unnecessary problems in the application of foreign law; and (4) avoidance of imposing jury duty on residents of a jurisdiction having little relationship to the controversy. *See Gulf Oil Corp.*, 330 U.S. at 508-09.

**1.      This lawsuit lacks any connection to Miami whatsoever and should be dismissed to conserve judicial resources**

The first public factor, court congestion, illustrates the impropriety of this forum. The Southern District of Florida has one of the busiest dockets in the country. *Thermal Technologies, Inc. v. Dade Services Corp.*, 282 F. Supp. 2d 1373, 1378 (S.D. Fla. 2003); *see also Da Rocha v. Bell Helicopter Textron, Inc.*, 2006 WL 2619880, at *4-5 (S.D. Fla. Sept. 8, 2006) (because of the "administrative difficulties flowing from court congestion … it makes little sense to use the resources and facilities of a busy United States Federal Court to try" cases like this).

In *Horberg v. Kerzner Intern. Hotels Ltd.*, two citizens of Illinois sued the Bahamian Atlantis entities for an accident that allegedly occurred in the Bahamas. The Court dismissed the

forum); *Horberg v. Kerzner Intern. Hotels Ltd.*, 744 F.Supp.2d 1284, 1290-91 (S.D. Fla. 2007) (ruling "[i]t is undisputed that Defendants are amenable to process in The Bahamas … this Court has no reason to find other than that The Bahamas provides Plaintiff with an adequate alternative forum…."); *Miyoung Son v. Kerzner Intern. Hotels Ltd.*, 2008 WL 4186979 (S.D. Fla. Sept. 5, 2008) ("[T]he Court finds that the Supreme Court of The Bahamas is an adequate alternative forum for the instant action"); *Morrone*, Case No. 05-61600-Civ-Seitz/McAliley, at *5 ("[T]he Court finds The Bahamas to be an available and adequate alternative forum …."); *Morse v. Sun Intern. Hotels Ltd.*, 2001 WL 34874967 (S.D. Fla. Feb. 26, 2001) (same); *Chierchia v. Treasure Cay Services,* 738 F. Supp. 1386, 1388 (S.D. Fla. 1990) (same). Accordingly, Defendants have satisfied the availability and adequacy inquiry, thus the first part of the *forum non conveniens* analysis has been established. The Bahamas is an adequate alternative forum.

case and determined that "[t]he dispute has little or no relation to Florida, and Florida has little or no interest in adjudicating claims under Bahamian law arising out of an incident that occurred in Bahamian waters under circumstances where Plaintiffs voluntarily traveled to The Bahamas." *Horberg,* 744 F.Supp.2d at 1295. Similarly, the instant lawsuit has no connection to Miami. Plaintiff resides in Illinois.  None of the allegations in the Amended Complaint are the result of any activities conducted in Miami or Florida. This dispute is between a resident of Illinois and foreign corporations regarding the personal injuries allegedly suffered by Ms. Wylie when she was entering a feeding pool in the Sea Squirts program located on Paradise Island, Bahamas. It makes no sense to use the limited time and resources of this Court to adjudicate this case in Miami. This factor clearly favors The Bahamas.

### 2.      There is no local interest in the controversy

This is a dispute between an Illinois resident who had the time and financial resources to travel and visit one of the premier resorts in The Bahamas, who flew to the Bahamas for her vacation, and who has now sued various companies (most of them Bahamian companies) for an alleged slip and fall incident that occurred in The Bahamas. Simply stated, there is absolutely NO local interest in the controversy. The interests of Miami or even the United States pales in comparison to the interests of The Bahamas in resolving a dispute regarding an accident that occurred at Atlantis Resort in The Bahamas. Tourism is the largest industry in The Bahamas and the Atlantis is The Bahamas largest resort:

> [T]he Court finds, for obvious reasons, that The Bahamas has a much stronger local interest in deciding this action. Defendants are Bahamian entities, and the alleged accident occurred off the waters of The Bahamas. The case involves a prominent Bahamian resort, and tourism is the largest industry in The Bahamas. The Bahamas has a vital interest in regulating the standards of conduct of the Bahamian Defendants

*See Horberg*, 744 F.Supp.2d at 1295-96; *see also Foster*, 2002 WL 34576251, at *3 (Your Honor ruling the "*Bahamas has a very strong interest in this litigation. The tourism industry is vital to The Bahamas, and The Bahamas has an interest in regulating the conduct of Bahamian defendants and they duty under Bahamian law they owe visitors to the Atlantis Resort – the largest resort on the islands*") (emphasis added); *McGinn*, Case No.: 12-cv-20536-Moore, at *5

(same); *Kawasaki Motors Corp. v. Foster*, 899 So. 2d 408, 412 (Fla. 3d DCA 2005) (ruling that public interest would be served by transferring jurisdiction to Jamaica since Jamaica has a significant interest in punishing a wrongdoer within its jurisdiction and ensuring the safety of those who visit its resorts).

The Atlantis Resort is the largest private employer in The Bahamas. The entire claim arises out of a slip and fall incident that allegedly occurred on Atlantis Resort property to an individual who voluntarily chose to visit the resort to participate in the Sea Squirts program. The Bahamas has a preeminent interest in both protecting the rights of tourists and in determining the standards of construction, standards of resort employee conduct, and the scope of liability for Bahamian companies based on incidents that occur in The Bahamas. Policy concerns of a foreign nation are entitled to no less consideration than those of Florida or the U.S. in a *forum non conveniens* analysis.

### 3.      Bahamian law will govern this dispute

Plaintiff contractually agreed to be bound by the terms and conditions set forth in the Release while on Atlantis property. Further in the signed Release, Plaintiff agreed that Bahamian law would apply to her claims. *See Horberg,* 744 F.Supp.2d at 1296 ("Bahamian law will undisputably apply in this action, and the Court finds that this factor weighs in favor of dismissal"). *Atlantic Marine* mandates that Florida's choice-of-law rules will not apply, and therefore Bahamian law will apply to this dispute. This is yet another reason why this case should be brought in The Bahamas and not in a Florida court.

### 4.      Since this dispute has no connection to Florida, jury duty should not be imposed on the citizens of Miami

Plaintiff has demanded a jury trial for her lawsuit.  Given the total lack of any Miami or Florida interest in this case, imposing jury duty on the residents of Miami is a significant factor in this lawsuit. In addressing this issue, one Court in this Circuit stated that:

> Scores of citizens from this community would be inconvenienced by being called to serve as jurors in cases involving parties and events having no connection to this forum. The burden of imposing jury duty on citizens to decide a case with no connection to the forum is a significant factor in performing a *forum non conveniens* analysis.

*See Pyroectos Orchimex de Costa Rica, S.A. v. E.I. Dupont de Nemours & Co.*, 896 F. Supp. 1197, 1203 (M.D. Fla. 1985) (citations omitted); *Horberg,* 744 F.Supp.2d at 1295 ("Compelling local jurors to sit on a trial to resolve this case that has no connection to this community would impose an unfair burden." (citing *Chierchia v. Treasure Cay Servs.*, 738 F. Supp. 1368, 1388 (S.D. Fla. 1990); *Proyectos Orchimex*, 896 F. Supp. at 1203.)).

### 5.  Southern District of Florida Courts – including Your Honor have dismissed negligence claims against Atlantis Resort or its affiliated companies based upon the doctrine of *forum non conveniens*

Your Honor dismissed negligence claims against Atlantis Resort and its affiliated companies on *forum non conveniens* grounds. *Feggestad v. Kerzner International Limited*, *et al.*, Case No. 14-cv-24399-JLK (S.D. Fla. 2015) (analyzed *supra* p. 3).  Similarly, in *Foster v. Sun Int'l Hotels, Ltd.*, 2002 WL 34576251 (S.D. Fla. 2002), Your Honor dismissed a personal injury case on *forum non conveniens* grounds. In *Foster*, a California resident alleged he suffered personal injury when he slipped and fell on a walkway at the Atlantis Resort.  Your Honor ruled that The Bahamas was an adequate alternative forum and the private and public factors weighed heavily in favor of trial in The Bahamas. Your Honor also found that key witnesses were in The Bahamas, as were the employees responsible for the maintenance of the accident site. Further, documents regarding the maintenance of the accident site were kept in The Bahamas, and viewing the accident site could only be done in The Bahamas. *See also*

In *Horberg v. Kerzner Int'l Resorts, Inc.*, 744 F. Supp. 2d 1284 (S.D. Fla. 2007), the court dismissed the claims of two Illinois residents arising out of an alleged jet ski accident occurring in the waters off the Atlantis Resort. The court also determined The Bahamas was an adequate alternate forum and the private and public interest factors weighed in favor of dismissal.

In *McGinn v. Kerzner Intern. Hotels Ltd.*, Case No.: 12-cv-20536-Moore (S.D. Fla. October 22, 2012), the court dismissed a personal injury case on *forum non convenien* grounds. *McGinn* involved New Jersey residents. The court ruled that the "overwhelming" evidence favored dismissal: "the vast amount of evidence [is] located in The Bahamas … and The Bahamas has a stronger sovereign interest in regulating its citizens' conduct that occurs entirely

within its territory …." (noting that "The Bahamas has an inherent local interest in this lawsuit because tourism is the single largest industry in The Bahamas and the Atlantis is the largest hotel and single largest employer in The Bahamas").

In *Morrone v. Sun Int'l Hotels, Ltd.*, Case No. 05-61600-CIV-Seitz/McAliley (S.D. Fla. Sept. 25, 2005), the court dismissed a personal injury case on *forum non conveniens* grounds. The incident purportedly occurred at the Atlantis Resort. *Morrone* involved a New Jersey resident who filed a lawsuit alleging similar defendants were negligent in their control of the hotel premises. In analyzing whether to dismiss the case on *forum non conveniens* grounds, the court ruled that the private and public factors weighed heavily in favor of a trial in The Bahamas. Among the factors held to be significant were that a majority of the key witnesses resided in The Bahamas and could not be compelled to testify in Florida.

In *Morse v. Sun Int'l Hotels, Ltd.*, 2001 WL 34874967 (S.D. Fla. 2001), the court dismissed a personal injury claim on *forum non conveniens* grounds. *Morse* involved a Florida resident who claimed she was injured in a boating accident while vacationing in The Bahamas. She sued the owners and operators of the Atlantis Resort for negligence. The court ruled that The Bahamas was an adequate alternative forum, concluding that the private and public factors weighed heavily in favor of trial in The Bahamas. The court determined that the witnesses were in The Bahamas, the documentary evidence was kept in The Bahamas, viewing the accident site could only be done in The Bahamas, and Bahamian law applied to the dispute.  Significantly, *Morse* was affirmed by the Eleventh Circuit.  *See* 277 F.3d 1379 (11th Cir. 2001).

In *Bell v. Kerzner Int'l Resorts, Inc.*, Case No. 10-23755-PAS (S.D. Fla. July 14 2011), the court dismissed a California plaintiff's wrongful death action in favor of re-filing in The Bahamas. The court ruled that the public and private factors tipped in favor of The Bahamas.

In *Miyoung Son v. Kerzner Int'l Resorts, Inc.*, 2008 WL 41869779 (S.D. Fla. 2008), the court dismissed negligence and loss of consortium claims on *forum non conveniens* grounds. The court ruled that The Bahamas was an adequate alternate forum and that the private and public interest factors weighed against the plaintiff's selection of the Southern District of Florida.

In *Giordano v. Sun Int'l North Am. Inc.*, 98-cv-07456-WPD (S.D. Fla. Oct. 1, 1999), the

14

court dismissed on *forum non conveniens* grounds, ruling that The Bahamas was an adequate alternate forum "where the alleged injury occurred and most witnesses live." The court also ruled that the private and public interest factors favored trial in The Bahamas. *See also Chierchia v. Treasure Cay Svc.*, 738 F. Supp. 1386 (S.D. Fla. 1990) (dismissing a claim to recover for personal injuries allegedly incurred in a boating accident in The Bahamas on *forum non conveniens* grounds); *see also McArthur v. Kerzner Int'l Bahamas Ltd., et al.*, Case No. 14-cv-21033 (S.D. Fla. Aug. 1, 2014)), *affirmed* Case No. 14-13889 (11th Cir. Mar. 30, 2015); *Feggestad v. Kerzner International Limited, et al.*, Case No. 14-cv-24399-JLK (S.D. Fla. 2015); *Pappas v. Kerzner Int'l Bahamas Ltd.*, No. 13-cv-22076-UU (S.D. Fla. Feb. 12, 2014); *affirmed* 585 Fed.Appx. 962, 965 (11th Cir. Sept. 17, 2014).[11]

Moreover, in Eleventh Circuit cases where courts previously denied dismissal on *forum non conveniens* grounds, the denial relied in large part on the deference to the plaintiff's choice of venue. *See e.g. SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A.*, 382 F. 3d 1097, 1102 (11th Cir. 2004). Now that the Supreme Court in *Atlantic Marine* has ruled that no deference is to be afforded to a plaintiff's choice of venue when there is a valid forum selection clause, all of the cases which previously denied *forum non conveniens* dismissal are inapposite. *See Atlantic Marine*, 134 S. Ct. at 581-82.

For all of the reasons discussed above, the public interest factors weigh heavily in favor of dismissal and, as noted above, under the new *Atlantic Marine* mandated analysis the private interest factors are not to be considered.

---

[11] Other courts have also dismissed negligence claims involving the Atlantis Resort on *forum non conveniens* grounds. For example, in *Dangler v. Atlantis Resort & Casino et al.*, Case No. CIV S-01-1228 WBS DAD (E.D. Cal. Aug. 1, 2002), the Eastern District of California dismissed a personal injury claim arising from an alleged slip and fall at the resort. The court dismissed the lawsuit ruling that The Bahamas was an adequate alternative forum and that the private and public factors weighed in favor of dismissal. The court found that the key witnesses were in The Bahamas, the documentary evidence was kept in The Bahamas, and viewing the site could only be done in The Bahamas. The court also found that Bahamian courts have an interest in litigating matters occurring on Bahamian soil which far exceeded California's interest in the lawsuit.

**C.**    **Plaintiff can reinstate her lawsuit in The Bahamas without undue inconvenience or prejudice**

Once the Court determines that the balance of interests favors the alternative forum, then it must "ensure that plaintiffs can reinstate their suit in the alternative forum without undue inconvenience or prejudice." *La Seguridad*, 707 F.2d at 1307. Here, Plaintiff has chosen a forum (Miami) that is far distant from her residence. Thus, it would clearly be no more inconvenient for Plaintiff to travel to The Bahamas than it would for her to travel to Miami. *See Morse*, 2001 WL 34874967, at *3 (noting that it would be no more inconvenient for the plaintiffs and witnesses based in New Jersey to travel to Bahamas than it would be for them to travel to Miami); *see also Chierchia*, 738 F. Supp. at 1388 ("But travel to Florida [from New York] to litigate would inconvenience plaintiff, therefore her travel to The Bahamas for that purpose could not be more intrusive").

Plaintiff is a resident of Illinois. (*See* Amended Complaint at ¶ 2). Plaintiff will have to travel over 1,000 miles to litigate this case regardless of whether the case is litigated in this Court or in The Bahamas. A plane flight from Chicago, Illinois to Miami is 1,200 miles whereas the flight from Chicago to Nassau is 1,310 miles – only 110 miles farther. Traveling to The Bahamas is therefore no added burden to their traveling (Mileage calculations based on database of airline flight miles maintained by www.webflyer.com/travel/mileage_calculator/). Plaintiff will be able to pursue her claims in a Bahamian court without undue inconvenience. Moreover, Plaintiff will not suffer any undue prejudice if she re-files her lawsuit in The Bahamas. *See Horberg*, 744 F.Supp.2d at 1296-97 ("Plaintiffs have chosen a forum that is more than 1000 miles from their residence. The Court agrees that it would be no more inconvenient for Plaintiffs and their witnesses to travel to The Bahamas than it would be to travel to Florida. Plaintiffs will not be unduly inconvenienced, nor will they be unduly prejudiced ….").

For the reasons discussed herein, Defendants have met their burden for a *forum non conveniens* dismissal and Plaintiff's Amended Complaint should be dismissed accordingly.

III.    **Other grounds exist to dismiss the Amended Complaint**

A.    **Plaintiff is bound by a written agreement containing a valid exculpatory clause**

As an addition basis and alternative basis for dismissal, Plaintiff assumed all risks incidental to participation in the *voluntary* Sea Squirts experience and Plaintiff expressly released Defendants from liability – including the negligence allegations in the Amended Complaint.  The Release states in pertinent part:

> I agree, on behalf of myself and the members of my travelling party listed below, to assume all risks incidental to participation in the Program (which risks may include, among other things, muscle injuries and broken bones, drowning, sea sickness, sea creatures attack, or death) and, on my own behalf and the members of my travelling party and on behalf of my and their heirs, executors and administrators, to release and forever discharge the "Resort Parties" (defined below), of and from all liabilities, claims, actions, damages, costs or expenses, of any nature arising out of or in any way connected with our participation in the Program, and further agree to indemnify and hold each of the Resort Parties harmless against any and all such liabilities, claims, actions, damages, costs or expenses, including but not limited to, all attorney's fees and disbursements,

> I further understand that this release and indemnity agreement includes any claims based on the negligence, action or inaction of any of the Resort Parties and covers bodily injury (including death) and property damage, whether suffered by me or my travelling party, before, during or after such participation, I further authorize medical treatment for myself and family members or others, at my cost, if the need arises.

*See* Release, Exhibit 3; *see also* Declaration, Exhibit 2. Exculpatory clauses contained in an assumption of risk and release of liability form are effective and enforceable. *See Dilallo By & Through Dilallo v. Riding Safely, Inc.*, 687 So. 2d 353, 356 (Fla. 4th DCA 1997) ("exculpatory clauses which clearly state that a party is released from liability for its own negligence in clear and unequivocal words are effective"). For example, prior to operating a jet ski a guest in The Bahamas signed a release including an exculpatory clause of express assumption of risk and release of liability. *In re Complaint of Royal Caribbean Cruises Ltd.*, 403 F. Supp. 2d 1168, 1169 (S.D. Fla. 2005). Another jet ski struck the guest's jet ski and caused injury. *Id.* The guest asserted a claim to recover losses alleging negligence against the released party. *Id.* at 1170. The Southern District Court upheld the release containing the exculpatory clause.  *Id.* at 1171; *see*

also *Shaw v. Premier Health & Fitness Ctr., Inc.*, 937 So. 2d 1204 (Fla. 1st DCA 2006) (upholding exculpatory clause releasing party from liability for negligence in a membership agreement); *Raveson v. Walt Disney World Co.*, 793 So. 2d 1171 (Fla. 5th DCA 2001) (upholding exculpatory clause releasing amusement party from liability for negligence when guest was injured on a ride); *Travent, Ltd. v. Schecter*, 718 So. 2d 939 (Fla. 4th DCA 1998) (upholding exculpatory clause releasing tour operator from liability for negligence when guest was injured during bicycle tour); *Theis v. J & J Racing Promotions*, 571 So. 2d 92 (Fla. 2d DCA 1990) (upholding exculpatory clause executed by race car driver prior to race in which he was killed to protect racetrack operator and driver of car that was improperly on track from liability for their own negligence, even if their actions constituted gross negligence).

In addition as mentioned above, Plaintiff's participation in the activity was purely voluntary and she could have declined to participate and to be bound by the Release had she wanted to. *See Murley ex rel. Estate of Murley v. Deep Explorers, Inc.*, 281 F. Supp. 2d 580, 589-90 (E.D.N.Y. 2003) ("[S]cuba diving is a strictly voluntary pursuit"); *Brozyna v. Niagara Gorge Jetboating, Ltd.*, 10-CV-602-JTC, 2011 WL 4553100, at *6 (W.D.N.Y. 2011) (enforcing waiver for boating provider because "[p]laintiffs at all times had the option to decline to participate in the excursion"); *Waggoner v. Nags Head Water Sports, Inc.*, 141 F.3d 1162 (4 Cir. 1998) (enforcing a liability waiver and dismissing negligence claim against a company that rented a jet ski to the plaintiff); *Charnis v. Watersport Pro, LLC*, 2009 A.M.C. 1299 (D. Nev. 2009) (enforcing a liability waiver for a wakeboard operator).

Releases in recreational activities are valid and enforceable. *Olivelli v. Sappo Corp.*, 225 F. Supp. 2d 109, 2003 A.M.C. 101 (D.P.R. 2002). *Olivelli* involved a scuba diving accident in Puerto Rico. The plaintiff filed a lawsuit against the owner/operator of the diving excursion boat alleging, *inter alia*, that the dive boat failed to have proper first-aid equipment and that the owner/operator was negligent in the supervision of the dive and operation of the dive boat. *Id.* at 103. Prior to participating in the dive excursion, the decedent executed a Release. The plaintiff argued the Release constituted a contract of adhesion and that it resulted from unequal bargaining power. The court disagreed. In finding the Release valid and ruling in favor of the

owner/operator, the court noted that the diver was under no obligation to participate in the activity – it was completely voluntary.

> First, the Court finds nothing inherently unfair in the mandatory use of waivers in recreational sporting events such as scuba diving. Moreover, the activity in question, scuba diving, is a *strictly voluntary recreational pursuit*, and does not constitute the rendition of essential services such as medical care or public transportation, where courts would be more likely to find adhesion exists … She read and initialed every clause of the waiver *and was free to decline Defendants' services if she did not wish to assent to the terms of the waiver*.

*Id*. at 114-15 (emphasis added). The same reasoning applies here. Plaintiff engaged in a voluntary activity. If she and her family did not like the terms of the Release, the were free to decline Atlantis' services and find another recreational activity to enjoy while they were in The Bahamas.

The instant matter can also be compared to *Banfield v. Louis*, 589 So.2d 441 (Fla. 4th DCA 1991), where the plaintiff signed a Release/Waiver, included in her entry form, which released the defendants from liability in connection with her participation in a triathlon. During the bicycle portion of the event, the plaintiff was seriously injured when she was struck by a car. The court granted the defendants' summary judgment motion based on the signed Release which validly waived any negligence claim. The plaintiff argued that there was a genuine issue of material fact as to the bargaining strengths of the parties. The court disagreed, noting that the plaintiff's participation in the event was ***voluntary*** and did not give rise to a situation where a contract of adhesion would arise, thus the exculpatory clause was enforceable and the plaintiff's claim was barred. Similarly, Plaintiff in this lawsuit participated in a *voluntary activity*. Her husband signed a valid Release. Accordingly, Defendants' should be able to enforce the Release and all of the terms contained within it.

Here, for these reasons Plaintiff is precluded from claiming negligence against Defendants as she is subject to an enforceable exculpatory clause.[12]

---

[12] Even if a Release does not specifically mention release of negligence claims (which it does here – *see* Exhibit 2), the exculpatory clause is still enforceable. *Id.*; *see also Sanislo v. Give Kids the World, Inc.*, 157 So. 3d 256 (Fla. 2015) (holding a pre-injury exculpatory clause that does not

### B.      Plaintiff's joint venture theory fails (4th Causes of Action)

Finally, as an additional and alternative basis for dismissal, Plaintiff's 4th cause of action for vicarious liability under joint venture should be dismissed. Plaintiff's Joint Venture theory fails because courts have routinely ruled a joint venture ***cannot*** be carried on in corporate form because the two forms of business – a joint venture and a corporation – are mutually exclusive. *See WMW Machinery, Inc. v. Werkzeugmaschinenhandel GmbH IM Aufbau*, 960 F. Supp. 734, 746 (S.D.N.Y 1997) (ruling that a joint venture may not be carried on through a corporate form); *In re Silicone Gel Breast Implants Products Liability Litig.*, 887 F. Supp. 1455 (1995) (ruling that no joint venture existed between Dow Corning and Dow Chemical which were separate corporations and only used the term joint venture in a "non-legal" situation); *see also Weisman v. Awnair Corp.*, 144 N.E.2d 415 (1957) ("A joint venture may not be carried on by individuals through a corporate form. The two forms of business are mutually exclusive, each governed by a separate body of law"). Further, Plaintiffs have not pled the requisite elements or facts supporting a joint venture. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (setting out test for the pleading requirement for a "well-pleaded complaint" in federal court).

### IV.      Conclusion

For the reasons discussed herein, the Amended Complaint should be dismissed as to all Defendants under the doctrine of *forum non conveniens*, pursuant to an exculpatory clause, and because the Amended Complaint fails to adequately plead joint venture against Defendants.

Dated: July 15, 2016
      Miami, Florida

---

contain express language releasing a party of liability for its own negligence or negligent acts does not render the agreement per se ineffective to bar a negligence action).

Respectfully submitted,

MALTZMAN & PARTNERS, P.A.

By:    */s/ Rafaela P. Castells*
        Jeffrey B. Maltzman, Esq.
        Florida Bar No. 48860
        jeffreym@maltzmanpartners.com
        Steve Holman, Esq.
        Florida Bar No. 547840
        steveh@maltzmanpartners.com
        Rafaela P. Castells, Esq.
        Florida Bar No. 98468
        rafaelac@maltzmanpartners.com
        55 Miracle Mile, Suite 300
        Coral Gables, FL 33134
        Tel: 305-779-5665 / Fax: 305-779-5664
        *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 15th day of July, 2016. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: */s/ Rafaela P. Castells*
      Rafaela P. Castells, Esq.

**SERVICE LIST**
**CASE NO: 15-CV-24113-JLK**

| | |
|---|---|
| Robert L. Parks<br>Gabriel Garay<br>The Law Offices of Robert L. Parks, P.L.<br>799 Brickell Plaza, Suite 900<br>Miami, FL 33131<br>Phone: 305-445-4430<br>Fax: 305-445-4431<br>bob@rlplegal.com<br>ggaray@rlplegal.com<br><br>Mark Kelley Schwartz, Esq.<br>Driggers, Schultz & Herbst, P.C.<br>2600 West Big Beaver Road, Suite 550<br>Troy, MI 48034<br>Phone: 248-649-6000<br>Fax: 248-649-642<br>mschwartz@driggersschultz.com<br>*Attorneys for Plaintiff* | Jeffrey B. Maltzman, Esq.<br>jeffreym@maltzmanpartners.com<br>Steve Holman, Esq.<br>steveh@maltzmanpartners.com<br>Rafaela Castells, Esq.<br>rafaelac@maltzmanpartners.com<br>MALTZMAN & PARTNERS, P.A.<br>55 Miracle Mile, Suite 300<br>Coral Gables, FL  33134<br>Phone: 305-779-5665<br>Fax: 305-779-5664<br>*Attorneys for Defendant* |