UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 15-24113-JLK

MELISSA WYLIE

    Plaintiff,

v.

ISLAND HOTEL COMPANY
LIMITED, a Bahamian company;
ATLANTIS HOLDINGS (BAHAMAS)
LIMITED, a Bahamian company; and
BREF BAHAMAS, LTD, a Bahamian
Company,

    Defendants.
_____/

## **FINAL ORDER OF DISMISSAL**

**THIS MATTER** comes before the Court on the Order United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit Court of Appeals reversed and remanded the matter for additional briefing on the undecided issue of whether enforceability and validity are distinct or synonymous inquiries in the context of international forum selection clauses. Additional briefing was submitted by the parties and Oral Argument was held on June 15, 2018. For the reasons set forth herein, it is hereby ORDERED that Defendants' Motion to Dismiss is GRANTED.

### I.    Background

The Amended Complaint alleges that Ms. Wylie was taking part in the Sea Squirts – Little Aquarist Helpers attraction at Atlantis Resort when she slipped and fell on a step leading into a fish feeding pool. DE 25 at ¶ 27. Ms. Wylie is domiciled in Illinois. DE 25 at ¶ 2. The Defendants are all Bahamian corporations. DE 25 at ¶¶ 3, 7, and 11. The Amended Complaint

further alleges that, as part of the registration process, Defendants present guests with a document entitled "Acknowledgement, Agreement, and Release." DE 25 at ¶ 25. Ms. Wylie alleges she neither signed the Release nor authorized anyone else to sign on her behalf. DE 25 at ¶¶ 25-26. The Release is titled:

**ACKNOWLEGEMENT, AGREEMENT AND RELEASE
"SEA SQUIRTS – LITTLE AQUARIST HELPERS"
Read Before Signing**

DE 29-2 (emphasis in original). The six-paragraph release states in pertinent part:

> I agree that any claims I may have against the Resort Parties resulting from any events occurring in The Bahamas shall be governed by and construed in accordance with the laws of the Commonwealth of The Bahamas, and further, I irrevocably agree to the Supreme Court of The Bahamas as the exclusive venue for any such proceedings whatsoever.

*Id.* The Release is signed by Plaintiff's husband, Andrew Wylie, and states "I represent and warrant that I have authority to sign on behalf of myself and the members of my traveling party … and voluntarily agree to all the terms of this release" and lists Madison and Melissa Wylie as "names of family members or others in my group[.]" *Id.* Ms. Wylie did not sign the Release.

This Court dismissed Plaintiff's lawsuit on January 5, 2017 after granting Defendants' Motion to Dismiss. *See* Final Order of Dismissal (D.E. 37). Plaintiff appealed the decision, and on September 1, 2017, the Eleventh Circuit determined the issues involved in resolving the appeal appear to be a matter of first impression in this Circuit and therefore sent the case back to this Court with instructions for further briefing by the parties and analysis. The Court held Oral Argument on June 15, 2018 where the parties presented their arguments and the Court considered the supplemental briefs filed by the Parties.

2

## II. Discussion

The instant case is subject to dismissal for two reasons. First, regardless of the validity and enforceability of the forum selection clause, the doctrine of *forum non conveniens* mandates dismissal. Second, there is a valid and enforceable forum selection clause that binds Ms. Wylie as a non-signatory.

### a. *Traditional Forum Non Conveniens Analysis Mandates Dismissal*

A traditional *forum non conveniens* analysis mandates that this case be dismissed, regardless of whether there is a valid and enforceable forum selection clause binding Ms. Wylie. Under the traditional doctrine of *forum non conveniens*, a district court has the inherent power to decline to exercise jurisdiction even when venue is proper. *See Gulf Oil v. Gilbert*, 330 U.S. 501, 506–07 (1947). In the absence of a forum selection agreement, to obtain *forum non conveniens* dismissal, "the moving party must demonstrate that (A) an adequate alternative forum is available, (B) the public and private interest factors weigh in favor of dismissal, and (C) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." *Leon v. Millon Air, Inc.*, 251 F.3d 1305, 1310–11 (11th Cir. 2001).

For the reasons discussed at Oral Argument and in the Parties' briefing, all the criteria are met for *forum non conveniens* dismissal. It is well settled that The Bahamas is an adequate alternative forum. *See, e.g., McGinn v. Kerzner Intern. Hotels Ltd.*, Case No.: 12-cv- 20536-Moore, at *5 (S.D. Fla. October 22, 2012) (noting Southern District Courts "consistently" hold that The Bahamas provides an adequate alternative forum); *Miyoung Son v. Kerzner Intern. Hotels Ltd.*, 2008 WL 4186979 (S.D. Fla. Sept. 5, 2008) ("[T]he Court finds that the Supreme Court of The Bahamas is an adequate alternative forum for the instant action"); *Horberg v. Kerzner Intern. Hotels Ltd.*, 744 F.Supp.2d 1284, 1290-91 (S.D. Fla. 2007) (ruling "[i]t is

undisputed that Defendants are amenable to process in The Bahamas ... this Court has no reason to find other than that The Bahamas provides Plaintiff with an adequate alternative forum...."); *Morrone v. Sun Intern. Hotels Ltd.*, Case No. 05-61600-Civ-Seitz/McAliley, at *5 (S.D. Fla. Sept. 22, 2006) ("[T]he Court finds The Bahamas to be an available and adequate alternative forum ...."); *Foster v. Sun Intern. Hotels Ltd.*, 2002 WL 34576251 (S.D. Fla. Feb. 5, 2002) (same); *Morse v. Sun Intern. Hotels, Ltd.*, 98-7451-CIV, 2001 WL 34874967 (S.D. Fla. 2001) (same); *Chierchia v. Treasure Cay Services*, 738 F. Supp. 1386, 1388 (S.D. Fla. 1990) (same).

The private factors to be considered in a *forum non conveniens* analysis include: (a) the relative ease of access to proof; (b) the availability of compulsory process of willing and unwilling witnesses; (c) the costs of obtaining attendance of willing witnesses; (d) the ability to view the premises; (e) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). A court must consider all relevant factors of private interest, weighing in the balance a strong presumption against disturbing the plaintiff's initial forum choice. *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1307 (11th Cir. 1983). When the plaintiff is a citizen of this country, the Eleventh Circuit mandates that a district court "require positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country.'" *SME Racks, Inc. v. Sistemas Macanicos Para Electronica, S.A.*, 382 F.3d 1097, 1101-02 (11th Cir. 2004) (citing *La Seguridad*, 707 F.2d at 1308 n. 7). Plaintiff is a citizen of the United States. Therefore, throughout this *forum non conveniens* analysis, this Court will give Plaintiff's choice of forum a high level of deference and presumption of convenience.

Here, the private factors weigh in favor of The Bahamas. The scene of the incident is located in The Bahamas. There are a number of witnesses in The Bahamas, which also weighs in favor of transfer. Physical evidence and documents are located in The Bahamas. The incident causing the injury and damages is alleged to have occurred in The Bahamas. The difference in convenience to the Plaintiff to travel to The Bahamas or to travel to The Southern District of Florida is negligible. After applying the appropriate level of deference to Plaintiff's choice of forum, the Court finds that private factors are in favor of dismissal. There is no inconvenience that would bar Ms. Wylie from bringing her case in The Bahamas. The Court now turns to the public factors.

Public-interest factors include "the administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action ... and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, n.6 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1974). Public factors weigh in favor of The Bahamas. At issue here is a slip and fall injury that occurred in The Bahamas. This dispute is between a resident of Illinois and Bahamian corporations. There is no local interest in the controversy. It makes little sense to use the limited time and resources of this Court or to burden Florida residents with jury duty to adjudicate this case in Miami. The Bahamas, however, clearly has an interest in determining the standards of conduct and the scope of liability for companies that do business there – particularly in a personal injury lawsuit involving The Bahamas largest industry (tourism) and largest resort (Atlantis). *See Foster*, 2002 WL 34576251, at *3 ("Bahamas has a very strong interest in this litigation. The tourism industry is vital to The Bahamas, and The Bahamas has an interest in

5

regulating the conduct of Bahamian defendants and the duty under Bahamian law they owe visitors to the Atlantis Resort – the largest resort on the islands") (citing *Chierchia*, 738 F. Supp. 1386, 1388 (S.D. Fla. 1990) ("Florida jury would have only nominal interest in protecting New York resident from ... mishaps ... which occurred in the Bahamas")).

Last, Plaintiff can reinstate her suit in The Bahamas without undue inconvenience or prejudice. This Court finds that on the basis of the record, there is no harm to Ms. Wylie in dismissing this case under a *forum non conveniens* analysis. Therefore, the instant case must be dismissed.

### b. *The Release Containing the Forum Selection Clause Is Enforceable Against Non-Signatory Plaintiff*

The Court finds that, on the basis of the Record, Oral Argument and the Parties' briefs, the forum selection clause at issue is valid and enforceable as to Plaintiff. The "closely related" doctrine allows a signatory to bind a non-signatory to a contract containing a forum selection clause when the parties are "closely related" so that enforcement of the forum selection clause is "foreseeable" by virtue of the relationship between the signatory and the party sought to be bound. *See Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1299 (11th Cir. 1998) (holding that "[i]n order to bind a non-party to a forum selection clause, the party must be 'closely related' to the dispute such that it becomes 'foreseeable' that it will be bound"). Plaintiff does not deny that her husband signed the Release on behalf of his immediate family, expressly representing he had their authority to enter into such agreement, and affirmed that The Bahamas would be the exclusive venue for any disputes against Defendants. Plaintiff does not deny it was foreseeable she would be bound by the terms of the Release signed by her husband.

There is no dispute that Plaintiff's husband signed the Release containing the forum selection clause on January 9, 2014. There are no allegations that Plaintiff was denied access to

the Agreement, nor that she was denied the ability to review the terms and conditions, including the forum selection clause. Non-signatory family members are routinely bound to forum selection clauses and other provisions in recreational activities. *See Madoff v. Bold Earth Teen Adventures*, 2013 WL 1337337 (D. Hawaii March 28 2013); *Burns v. Wilderness Ventures, Inc.*, 2012 WL 3779069 (N.D. Ill. Aug. 30, 2012); *Mohney v. USA Hockey, Inc.*, 77 F.Supp. 2d 859 (N.D. Ohio 1999) *rev'd, in part, on other grounds*, 5 Fed. Appx 450 (6th Cir. Mar. 1. 2001). It would defy practical reality to allow Plaintiff to avoid what her husband expressly agreed to when he signed the Release granting the family access to the Sea Squirt program.[1]

Further, This Court finds that Ms. Wylie manifested assent to the Agreement when she accepted benefits thereunder. Even if Ms. Wylie did not know that her traveling party would be

---

[1] This is similar to cruise ship tickets where courts routinely rule constructive notice of terms and conditions exists even if cruise tickets are received by a friend or relative of passenger – not the passenger themselves. *See e.g., Marek v. Marpan Two, Inc.*, 817 F.2d 242, 247 (3d Cir. 1987) (concluding that a "[friend's] possession of [a ticket] is sufficient to charge [litigant] with notice of its provisions"); *see also Veverka v. Royal Caribbean Cruises Ltd.*, 649 Fed. Appx. 162 (3d Cir. 2016) ("even if [Plaintiff's] daughter had possession of her ticket at all times, [Plaintiff] is still charged with constructive notice of its terms"); *Foster v. Cunard White Star*, 121 F.2d 12, 13 (2d Cir. 1941) (per curium) ("Plaintiff is charged with notice [of time limitation] ... since her brother ... [had ticket] for some seventeen days before the voyage"); *Coleman v. Norwegian Cruise Lines*, 1991 A.M.C. 1904, 1913 (W.D. Mo. 1991); *Calixterio v. Carnival Corp.*, 2016 WL 3973791, at *3 (S.D. Fla. Jan. 7, 2016) (ruling that the plaintiff had the opportunity to become meaningfully informed of the ticket contract clauses and to reject its terms where it was "undisputed that the ticket contract was sent to [p]laintiff's mother-in-law, who completed the check-in process and certified that she had the authority to accept the terms and conditions on [p]laintiff's behalf"); *Angel v. Royal Caribbean Cruises, Ltd.*, 2002 WL 31553524, at *4 (S.D. Fla. Oct. 22, 2002) (quoting *Marek* and noting that the plaintiff conceded the tickets were sent to his uncle and "the fact that a ticket may have been in the possession of a friend or relative is irrelevant as long as the plaintiff had an opportunity to read the terms and conditions of the contract"); *Collins v. Dolphin Cruise Line, Inc.*, 625 So. 2d 1308, 1310 (Fla. 3d DCA 1993) ("The cruise line's issuance of one ticket for both passengers does not excuse [plaintiff's] failure to familiarize herself with the terms and conditions of passage"); *Rolls v. Celebration Cruise Operator, Inc.*, No. 14-CIV-61191, 2015 WL 12549166, at *2 (S.D. Fla. Mar. 2, 2015) (citing *Collins* and holding that the plaintiff's travel companion's possession of ticket charged plaintiff with notice of its limitations).

required to agree to a forum selection clause as part of signing the Release in order to participate in the Sea Squirts Venture, she is nevertheless bound by the Release and its terms. The Record is sufficient to indicate that Ms. Wylie and her husband went to this resort with the expectation of using the facility that ultimately is alleged to have caused her injuries. Viewed in a light most favorable to the Plaintiff, the Record indicates that they were only told upon arrival at the facility that they would be given this document to sign and the contract was signed by Mr. Wylie. The Record shows that thereafter, both Plaintiff and her spouse accepted the benefits of the contract.

Under all of these circumstances, the contract and the forum selection clause is binding upon Plaintiff. Plaintiff should have known the forum selection clause was part of this contract, and therefore Defendants' Motion to Dismiss is granted without any prejudice to her to file her claim against the Defendants in The Bahamas were she to so elect. This Court holds the forum selection clause as stated in the contract that was signed by Mr. Wylie but not signed by Plaintiff is valid and enforceable under these circumstances.

### III. Conclusion

Either the traditional *forum non conveniens* analysis or the valid and enforceable Release binding Ms. Wylie to the forum selection clause is enough for This Court to Dismiss the instant matter. Accordingly, upon due consideration, it is **ORDERED, ADJUDGED,** and **DECREED** that the Defendant's Motion to Dismiss and Incorporated Memorandum of Law (DE 29) be, and the same is, hereby **GRANTED** and the case is **DISMISSED** without prejudice to: 1) reinstate this action in The Bahamas within **ninety (90) days** of this Order, and 2) to seek reconsideration of this Order if Defendants refuse to waive any jurisdictional or statute of limitations defenses which may be available to Defendants under Bahamian law.

**IT IS FURTHER ORDERED AND ADJUDGED** that all pending motions are **DENIED AS MOOT** and the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Miami-Dade County, Florida, this 13th day of July, 2018.

JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record

9